United States District Court
Southern District of Texas
**ENTERED**
February 15, 2017
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO C. MARTINEZ, #01185238, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-0195 |
| | § | |
| WILLIAM STEPHENS, *ET AL.*, | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se*, filed this section 1983 lawsuit against Texas Department of Criminal Justice ("TDCJ") officials William Stephens, Joni White, and Tony O'Hare for violations of his constitutional rights. Defendants filed a motion to dismiss (Docket Entry No. 19), to which plaintiff filed a response (Docket Entry No. 20).

Having considered the motion, the response, the record, and the applicable law, the Court GRANTS the motion to dismiss and dismisses this lawsuit for the reasons that follow.

### *Background and Claims*

Plaintiff is serving a life sentence for aggravated sexual assault of an 11-year-old boy. He states that he has been assigned to protective custody for ten years. In January 2015, he requested to be removed from protective custody at the Estelle Unit and be housed in general population. He claims that despite an alleged recommendation of his request from the Unit Classification Committee (UCC) in early February 2015, the State Classification Committee

(SCC) ultimately denied his request in late February 2015.  He complains that prisoners in protective custody are more restricted than prisoners in general population, and that his continued housing in protective custody violates his constitutional rights.  As judicial relief, plaintiff asks this Court to grant a declaratory judgment and injunctive relief for his transfer to general population.  No monetary compensation is sought.  (Docket Entry No. 13.)

Defendants argue that plaintiff failed to exhaust administrative remedies through the prison grievance system prior to filing this lawsuit.  They further argue that plaintiff's allegations fail to state a viable section 1983 as plaintiff fails to allege facts showing that the named defendants had any personal involvement in the events made the basis of this lawsuit.

### Failure to Exhaust

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Fifth Circuit Court of Appeals has recognized this exhaustion requirement as "mandatory and nondiscretionary," *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012), and has held that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement."  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The exhaustion requirement applies to "all inmate suits about prison life, whether they

involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion under the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  To properly exhaust administrative remedies, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules." *Id*. Although the PLRA itself does not specify what constitutes proper exhaustion, the Supreme Court has held that this involves asking whether the prisoner has complied with the prison grievance process of his unit of confinement. *Jones v. Bock*, 549 U.S. 199, 218–19 (2007).

Texas prisons use a two-step formal grievance process. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  A Texas prisoner must file a step 1 grievance within fifteen days of the incident being grieved.  *Id*.  Upon receiving an adverse step 1 grievance response, a prisoner may then appeal by filing a step 2 grievance within fifteen days.  *Id*.  The Fifth Circuit requires a prisoner to strictly adhere this prison grievance procedure to exhaust a claim.  *Id.*  ("[A] prisoner must pursue a grievance through both steps for it to be considered exhausted."); *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) ("Under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion.").

Defendants state that the SCC denied petitioner's request to return to the general population on February 19, 2015; accordingly, he had fifteen days in which to file a step 1

3

grievance – that is, by March 6, 2015.  Plaintiff filed his step 1 grievance on March 12, 2015, and prison officials received the grievance on March 16, 2015.  Defendants contend that this untimely grievance resulted in plaintiff's failure to exhaust his administrative remedies.

Plaintiff counters defendants' argument by pointing out that the correct chronology of events is stated in his step 1 grievance filed March 12, 2015; as stated therein, he did not receive notice of the SCC's final decision until March 2, 2015, and that his step 1 grievance was timely filed on March 12, 2015.  The step 1 grievance response, however, also shows that the UCC denied plaintiff's request on February 5, 2015.  Thus, the underlying triggering dates are unclear from the parties' arguments and documents.

It appears that removal of a prisoner from protective custody is a two-tiered process, requiring decisions at both the UCC and SCC level.  The Court has not been provided sufficient information by any party as to the prison's requirements and procedures for exhausting administrative remedies under such circumstances.  Plaintiff states that he exhausted his administrative grievances.  It is not clear whether he did, or did not, exhaust his grievances as to both the UCC and SCC decisions, nor is it entirely clear that administrative grievance exhaustion was required at both levels under prison rules and regulations.  Given these uncertainties, the Court declines to dismiss this lawsuit for failure to exhaust administrative remedies.

### *Failure to State a Claim*

Plaintiff claims that defendants violated his Eighth and Fourteenth Amendment rights in refusing to move him from protective custody to general population housing.  Defendants argue that plaintiff has not set forth factual allegations in his second amended complaint showing that the named defendants were personally involved in the underlying decision to keep plaintiff in protective custody.

It is well established that, to establish a viable section 1983 claim against a prison employee, an inmate must show that the prison employee was personally involved in the alleged constitutional violation.  Section 1983 does not give a cause of action based on the conduct of subordinates.  *Monell v. New York Department of Social Services*, 436 U.S. 658, 693 (1978).  Personal involvement is an essential element of a civil rights cause of action.  *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *see also Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976) (holding that an affirmative link is needed between an injury and conduct of a defendant).

Liability based on supervisory capacity exists only if the supervisor was personally involved in the constitutional deprivation, or if a sufficient causal connection existed between his or her wrongful conduct and the deprivation.  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).  Such liability exists even without overt participation if the supervisor implements a policy that is itself a repudiation of constitutional rights and is the moving force behind the constitutional violation.  *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2002).

Plaintiff has named as defendants William Stephens (former TDCJ Director), Joni White (TDCJ Assistant Director for Classification and Records) , and Tony O'Hare (Warden of the Estelle Unit).

*Defendant Williams Stephens*

A careful review of plaintiff's second amended complaint, as well as the record as a whole, shows no factual allegations of personal involvement as to Stephens.  Although plaintiff states that he sent a letter to Stephens protesting the SCC's decision and that Stephens referred the issue to the Ombudsman's Office, these allegations establish no independent wrongful act by Stephens or a causal link or connection between Stephen's actions and SCC's decision.  Indeed, plaintiff's allegations clearly show that the root of the alleged constitutional denial was the SCC's decision, which had already occurred at the time he wrote to Stephens.  Although plaintiff also asserts that Stephens was "legally responsible for the overall operation of the [TDCJ]," such allegation does not give rise to personal involvement in plaintiff's claims.

Plaintiff has not pleaded factual allegations showing that Stephens was personally involved in a constitutional violation, that wrongful conduct by Stephens was causally connected to a constitutional violation, or that Stephens implemented a constitutionally deficient policy which was the moving force behind a constitutional deprivation.  The mere fact that Stephens was director of the prison system does not give rise to section 1983 liability for the actions of subordinate officers.  To any extent plaintiff claims that Stephens

6

failed to supervise his employees, plaintiff fails to allege any facts supporting such a claim. That plaintiff disagrees with the classification decision is not a factual allegation supporting a failure to supervise. Plaintiff has failed to state a claim against Stephens upon which relief may be granted, and Stephen's motion to dismiss is granted.

*Defendant Tony O'Hare*

Nor has plaintiff set forth factual allegations of personal involvement as to O'Hare. At most, plaintiff's allegations state that the prior Estelle Unit warden, Tracy Bailey, signed a grievance response that denied plaintiff's grievance. Because the denial of a prisoner's administrative grievance is not actionable under section 1983, no wrongful conduct as to either Bailey or O'Hare is alleged. *See Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005). The Fifth Circuit Court of Appeals has not held that the signing of a response to a grievance constitutes "personal involvement" for purposes of section 1983, and this Court is not inclined to so find.

Plaintiff has not pleaded factual allegations showing that O'Hare was personally involved in a constitutional violation, that wrongful conduct by O'Hare was causally connected to a constitutional violation, or that O'Hare implemented a constitutionally deficient policy which was the moving force behind a constitutional deprivation. The mere fact that O'Hare was senior warden of the Estelle Unit does not give rise to section 1983 liability for the actions of subordinate officers or of the SCC. That plaintiff disagrees with the classification decision is not a factual allegation supporting a failure to supervise.

7

Plaintiff has failed to state a claim against O'Hare upon which relief may be granted, and O'Hare's motion to dismiss is granted.

*Defendant Joni White*

Plaintiff fares no more favorably in his claims against White. White, as the Assistant Director for Classification and Records, supervises the management of intake and classification operations and of the State Classification Committee and Classification Records Office. Plaintiff does not allege that White herself makes classification decisions, nor does he allege that she was involved in the decision to maintain his protective custody status. Indeed, plaintiff pleads no factual allegations for a cause of action against White.

Plaintiff has not pleaded factual allegations showing that White was personally involved in a constitutional violation, that wrongful conduct by White was causally connected to a constitutional violation, or that White implemented a constitutionally deficient policy which was the moving force behind a constitutional deprivation. The sole fact that White was an assistant director for TDCJ-wide classification and records does not give rise to section 1983 liability for the actions of subordinate officers or of the SCC. That plaintiff disagrees with the classification decision is not a factual allegation supporting a failure to supervise. Plaintiff has failed to state a claim against White upon which relief may be granted, and White's motion to dismiss is granted.

The Court allowed plaintiff to amend his complaint against the defendants, and it has thoroughly reviewed his response in opposition to the motion to dismiss. The Court is

satisfied that plaintiff has been provided ample opportunity to plead his best case, and that he has pleaded and presented his best case in this instance.

### *Conclusion*

Defendants' motion to dismiss (Docket Entry No. 19) is GRANTED and this lawsuit is DISMISSED WITHOUT PREJUDICE for failure to state colorable claim for which relief can be granted under section 1983.  Any and all pending motions are DENIED AS MOOT.

This dismissal constitutes a "strike" for purposes of section 1915(g), and is plaintiff's third strike.  *See Martinez v. Stephens*, C.A. No. H-04-2252 (S.D. Tex. May 4, 2015); *Martinez v. Livingston*, C.A. No. 6:11-cv-0063 (W.D. Tex. Oct. 4, 2011).  Plaintiff is now barred from proceeding *in forma pauperis* in any federal civil lawsuit or appeal unless he shows that he is in imminent danger of serious physical injury at the time of filing.

Signed at Houston, Texas on February 15, 2017.

_____
Gray H. Miller
United States District Judge

9